# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TROY ALAN LAWRENCE,<br><br>Defendant. | Case No. CR15-0069<br><br>ORDER FOR PRETRIAL DETENTION |

On the 11th day of August, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, John L. Lane.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 29, 2015, Defendant Troy Alan Lawrence was charged by Indictment (docket number 3) with conspiracy to distribute a controlled substance (Count 1) and possession with intent to distribute a controlled substance (Count 3). At the arraignment on August 7, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on October 5, 2015.

DEA Special Agent Gregg Fox testified regarding the circumstances underlying the instant charges. In March 2014, authorities were called to an elementary school when a package of methamphetamine was found inside a stuffed animal. The stuffed animal was in the possession of the step-child of Martin Lawrence (Defendant's brother and a co-Defendant in this case).

In July 2014, Defendant was stopped in Linn County and charged with driving while barred. Following a canine search of his vehicle, methamphetamine was found under the seat.

On September 12, 2014, Defendant was involved in a traffic accident in Cedar Rapids. The vehicle was registered to Martin Lawrence, and Defendant falsely identified himself to officers as Martin Lawrence. A search of the vehicle revealed a stuffed animal with 30.1 grams of methamphetamine inside.

On October 13, 2014, law enforcement authorities purchased one ounce of methamphetamine from Martin Lawrence for $500. Defendant was a passenger in the vehicle at the time of the transaction.

According to the pretrial services report, Defendant is 53 years old. He was born in Cedar Rapids and has lived in eastern Iowa all of his life, with the exception of a period from 2007 to 2008 when he lived in Chandler, Arizona. Defendant is divorced, with three adult children born to the marriage. Defendant's mother, two siblings, and three children all live in this area. Prior to his arrest, Defendant was living with his girlfriend in Cedar Rapids and would return to that address if released.

According to Defendant, he has been employed "off-and-on" as a laborer for a drywall company for the past four years, and was employed "off-and-on" for an air conditioning company for 15 years prior to that. Defendant suffers from hepatitis C and takes medication for high blood pressure. Defendant recently had surgery to have his gall bladder removed. According to Defendant, he has been treated for anxiety in the past, with his last participation in about 2010.

Defendant denies he has ever had a "problem" with alcohol, although he has three prior convictions for operating while intoxicated. Defendant admits using marijuana, cocaine, methamphetamine, and heroin in the past. Defendant told the pretrial services officer that he last used methamphetamine approximately 6 months ago, with his last

marijuana use approximately 18 months ago. Defendant also denied using cocaine in the past 15 to 20 years, but records from the Iowa Department of Corrections reflect that Defendant admitted he used cocaine on 3 occasions in 2012 and 3 occasions in 2013. Defendant has undergone substance abuse treatment on several occasions, with the last instance being two or three years ago.

Defendant has an extensive prior criminal record. The Court reviewed the record in detail at the time of hearing, and will not do so again here. Among other things, Defendant was sentenced to federal prison in 1990 for making false statements to a government agency and conspiring to distribute and possess with intent to distribute marijuana. He has been convicted of operating while intoxicated three times, and has four convictions for assault. By the Court's count, Defendant has been convicted of driving while barred on 11 occasions. Many of Defendant's crimes occurred while he was on pretrial release, on probation, on federal supervised released, or while out on bond pending an appeal.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the

3

court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute a controlled substance and possession with intent to distribute a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed two serious drug offenses, there is a rebuttable presumption that he should be detained. If convicted on Count 1, Defendant faces a mandatory minimum 10 years in prison. If convicted on Count 3, Defendant faces a mandatory minimum 5 years in prison. Regarding the weight of the evidence, the testimony offered at the detention hearing was far from overwhelming. Defendant has significant ties to this community and the Court finds it unlikely that he would flee. However, Defendant has a substantial prior criminal record, including four convictions for violent offenses. Many of his crimes were committed while on pretrial release or some other type of supervision. When Defendant was released in state court on pretrial release in January 2011, he was subsequently arrested and convicted in separate cases with possession of a controlled substance third or subsequent offense, driving while barred, and burglary in the third degree. Since 1999, Defendant has been arrested and convicted of a crime nearly every year. Defendant is an active drug user and attempted to minimize his drug and alcohol use when speaking with the pretrial services officer. The Court has no confidence Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 7, 2015) to the filing of this Ruling (August 11, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 11th day of August, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA